IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHIQUITA EVANS, | : |
|       Plaintiff, | : |
| v. | : Civil Action No. 12-850-LPS |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | : |
|       Defendant. | : |

## **MEMORANDUM ORDER**

At Wilmington this **30th** day of **December, 2013**:

Pending before the Court is a Motion For Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed by Plaintiff, Chiquita Evans. (D.I. 14) Plaintiff filed her motion following this Court's entry of an order granting the parties' joint request to remand to the Commissioner for further proceedings. (D.I. 12) After Plaintiff filed her opening brief, Defendant conceded legal error and sought voluntary remand. (*See* D.I. 14 at 1; D.I. 15 at 1)

Plaintiff seeks fees for 30.4 hours at a rate of $178.00 per hour, totaling $5,411.20, plus $350 in costs. Defendant objects only to the number of hours spent on the case by Plaintiff's counsel, contending that no more than 21.8 hours should have been devoted to the case. (D.I. 15 at 5) Defendant asks the Court to limit Plaintiff's fee award to $3,880.40. (*Id.*)

The EAJA provides that "a prevailing party in a litigation against the government shall be

1

awarded 'fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Williams v. Astrue*, 600 F.3d 299, 301 (3d Cir. 2009) (quoting 28 U.S.C § 2412 (d)(1)(A)). The "burden of establishing that there is substantial justification for its position" lays with the government. *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). "The Supreme Court has defined substantial justification under the EAJA as 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Id.* at 683 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "[T]he government's position is substantially justified 'if it has a reasonable basis in law and fact.'" *Id.* at 684 (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)). To defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Williams*, 600 F.3d at 302.

Here, Defendant does not argue that its position was substantially justified. It argues only that Plaintiff's counsel spent too long – specifically, 8.6 hours more than it should have – on the case. (*See* D.I. 15 at 3) ("This Court should not grant Plaintiff's request for attorneys' fees under the EAJA because the requested fees are **grossly excessive** and should be reduced.") (emphasis added) Hence, as Plaintiff correctly states, "the sole issue here is the number of hours expended by Plaintiff's counsel in obtaining . . . [a] highly successful result for Plaintiff." (D.I. 16 at 1)

"Generally speaking, 'a party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.'" *Newell v. Comm'r of Social Security*, 121 Fed. Appx.


937, 939 (3d Cir. Jan. 25, 2005) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The EAJA requires "an itemized statement from any attorney . . . representing . . . the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412 (d)(1)(B). A party opposing a fee award must support its challenge with an "affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode*, 892 F.2d at 1183. A fee award may not be "decreas[ed] . . . based on factors not raised at all by the adverse party." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). However, "[o]nce the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode*, 892 F.2d at 1183.

Plaintiff has provided an itemized statement. (D.I. 14-2) Having reviewed the itemization, as well as counsel's discussion of his work, the Court is entirely unpersuaded by Defendant's contention that the requested fees are "grossly excessive." The Court perceives no basis to agree with the government that 23.6 hours is an "unreasonabl[e]" (D.I. 15 at 3) amount of time to take to review a 566-page administrative transcript; and to organize, research, draft, edit, and file a brief that succeeds in persuading the government to admit error and request a voluntary remand. Even if there were any doubt as to the reasonableness of the hours expended, the Court would exercise its discretion in favor of Plaintiff, who accurately observes:

> This excellent result also saved this Court a great deal of time because a lengthy opinion did not need to be drafted, [and all that was necessary from the Court was] merely the signing of a stipulation. Therefore, the thoughtful hours Plaintiff's counsel expended in crafting a finely honed brief actually saved all parties involved considerable hours of work.

3

(D.I. 16 at 2) Accordingly, the Court will award Plaintiff $5,411.20 for 30.4 hours at $178 per hour plus $350.00 in costs.

The parties shall submit, **no later than January 10, 2014**, a proposed form of order consistent with the Court's decision today, indicating as well to whom payment should be made.

_____
UNITED STATES DISTRICT JUDGE